HARDY, Judge.
This is an action seeking an injunction, both mandatory and prohibitory, for the protection of plaintiff’s alleged possession of a certain described 135 acre tract of land located in the Parish of Natchitoches. Plaintiff alleged possession of the property as owner of an undivided one-half and usufructuary of the remaining undivided one-half thereof. Pursuant to a hearing on a rule nisi a preliminary injunction was granted ordering defendant to remove a fence constructed across a portion of plaintiff’s property, and enjoining him from any further building or construction of any nature on the lands of plaintiff. After trial on the merits there was judgment making the injunction permanent, from which defendant has appealed.
There is no question of law here involved as, concededly, the only question to be determined is that of plaintiff’s possession, vel non, for more than a year, of the property involved.
In 1887 an instrument of partition was executed by Mrs. Armenia A. Prothro and William.H. Phillips, who were owners in indivisión of a tract which included the property described in plaintiff’s petition, and the property of defendant which adjoins plaintiff on the south. In the act of partition the dividing line was described as follows:
“Start from a point on the river below St. Maurice at the mouth of the *677 ravine which runs through the field, run up said ravine to the point to which the caving therein has up to .this date extended near a large cottonwood about eighteen inches in diameter at this time, on the left bank of said ravine ascending, marked with a large cross on the side of the tree facing the ravine thence 81° North West to a point on the river above St. Maurice marked by an iron post planted at a point now fifty steps from the river, said post being a large piece of cast iron, formerly part of a hay press, four or five feet long, three inches thick, and tapering width from four to ten inches.”
By successive conveyances the above described dividing line has been preserved and generally followed, and must be accepted as the line of division between the respective estates of plaintiff and defendant. However, in the course of years-the ravine, which was in fact a drainage ditch into the river, has been blocked by accretion and to some extent has gradually filled. As a result there has been formed a small pond some 400 feet long, east and west, and about 150 feet wide, north and south. This pond has served and been used as a watering place for cattle belonging to plaintiff’s tenant, and it is about this water hole and its possession that the present controversy centers.
Plaintiff contends that she has had undisputed possession and use of approximately the north half of this pond for well more than a year preceding the institution of this suit. She alleges that defendant has interfered with and disturbed her possession by constructing and maintaining a fence along the north bank of the pond and thereby attempting to prevent access of her tenant’s cattle to the water.
Defendant denied any disturbance of plaintiff’s possession and urged that the fence along the north bank of the pond had been there for a long period of years. . Of course, it follows, if defendant’s claim was established, that plaintiff’s requisite possession of .more than a year must necessarily fail. The .determination of this 'point is the crux of the- case.
The testimony of the witnesses is sharply contradictory and irreconcilable, but careful examination of the record convinces us thát the testimony in support of plaintiff preponderates. We think much of the confusion and much of the divergence of testimony of the witnesses may be reasonably explained.
Plaintiff and her son, both of whom testified on trial, were in a better position to have first-hand knowledge of the facts over a longer period of time than any of the other witnesses. Both of these parties testified that at one time a fence had been constructed in a location which would, in part of its course, approximate what is nbw the north bank of the pond. This fence appears to have been originally constructed by plaintiff’s father and the reason given for the construction is reasonable and convincing. At the .time when the mouth of the ravine had not been blocked and when it served as a flow-way for drainage waters from-the contiguous estates, plaintiff’s father built a fence along the north bank of the ravine for the purpose of protecting his cattle and preventing them from falling into such ravine. However, it is established that that fence had been permitted to fall into a state of disrepair, and, particularly, it does not appear to have been maintained since the formation of the pond. We think it likely that the presence of this fence, or the remains thereof, was a fact which explains the' testimony of defendant’s witnesses as to the long-time existence of a fence along the-north bank of the pond. Unquestionably defendant, something more than a year prior to the institution of suit, the date not being definitely fixed, either constructed a new fence or to some extent repaired the old fence in such nature as provided an . effective barrier against access to the lake from the north side. Certainly this was an interference with and disturbance of plaintiff’s rightful possession. • ■
In the instant case we accord: great weight-to ■ the conclusion reached by the *678 district judge as exemplified in the judgment rendered. In such case, in the absence of a showing of manifest error, we are naturally impelled to agreement with the judgment of the trial court. Finding no such error, it follows that the judgment should be and it is hereby affirmed at appellant’s cost.